IN THE SUPERIOR COURT FOR THE COUNTY OF BALDWIN

STATE OF GEORGIA

| | |
|---|---|
| Kirby J. Earnhardt, | ) |
|     Plaintiff | ) ) ) |
| Vs. | ) C. A. No. 11CV45463D ) |
| Walmart Stores East, LP | ) ) |
| and | ) ) |
| Janice Sharp, | ) ) |
|     Defendants | ) |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Kirby J. Earnhardt, and files this complaint for damages and shows the Court as follows:

1.

Defendant Wal-Mart Stores East LP is a corporation doing business in the State of Georgia, whish owns and operates a store on North Columbia Street, in Baldwin County, Georgia and is subject to the jurisdiction of this Honorable Court.

2.

Defendant Janice Sharp is a resident of Baldwin County, Georgia and is subject to the jurisdiction of this Honorable Court.

3.

On or about July 19, 2010, Wal-Mart Stores East, LP was operating a store on North

Page -1-

FILED IN OFFICE THIS
____ DAY OF __/__/20__
_____
DEPUTY CLERK SUPERIOR COURT,
BALDWIN COUNTY, GEORGIA

Exhibit "C"

Columbia Street, Milledgeville, Baldwin County, Georgia.

4.

At said date Defendant Janice Sharp was the manager of said store.

5.

Kirby J. Earnhardt was a customer in said store and walked past a water fountain.

6.

Said water fountain was in disrepair so that water had leaked from the fountain or under the fountain onto the floor.

7.

The water on the floor near the fountain was clear.

8.

The water on the floor near the fountain was difficult to see.

9.

There was no sign warning customers of the danger.

10.

There was no rug or rubberized mat in front of the water fountain.

11.

As Plaintiff Kirby J. Earnhardt walked past the aforesaid fountain she stepped in the clear water and fell down.

12.

As a result of falling Plaintiff Kirby J. Earnhardt was injured.

13.

Plaintiff Kirby J. Earnhardt's injuries from said fall included an injury to her right knee.

14.

As a result of said occurrence and her ensuing injuries, Kirby J. Earnhardt incurred medical bills in excess of $500.

15.

Defendants' negligence included, but was not limited to, failure to clean the water off said floor next to the fountain.

16.

Defendants' negligence included, but was not limited to, failure to keep said fountain in good repair so that it would not leak water or fluids onto the floor.

17.

Defendants' negligence included, but was not limited to, failure to post signs warning people of the danger posed by water from said fountain.

18.

Defendants' negligence was the sole proximate cause of the fall and of the Plaintiff Kirby J. Earnhardt injuries

19.

Plaintiff missed time from work as a result of said injuries and lost wages.

WHEREFORE, Plaintiff prays:

A. That she be granted damages against both Defendants and each of them in an amount sufficient to compensate her for her injuries, injuries pain and suffering.

B. That she be granted damages against both Defendants and each of them sufficient to compensate her for her out of pocket expenses (special damages, medical expenses and lost wages), in an amount to be supplied by amendment.

C. That she have such further relief as may be just.

Respectfully submitted,

Milton Frederick Gardner, Jr.
Attorney for Plaintiff
State Bar No. 284550
P. O. Box 631
Milledgeville, GA 31059-0631
Tel. (478) 453-9319

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

KIRBY J. EARNHARDT,

    Plaintiff,

v.

WAL-MART STORES EAST, LP
and JANICE SHARP,

    Defendants.
_____/

Civil Action File No.
11-CV-45463D

## ANSWER OF DEFENDANTS

COME NOW, Defendants WAL-MART STORES EAST, LP and JANICE SHARP, and make this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Janice Sharp is not a proper Defendant.

### THIRD DEFENSE

Jurisdiction is improper as to Janice Sharp.

### FOURTH DEFENSE

Venue is improper as to Janice Sharp.

## FIFTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## SIXTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## SEVENTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## EIGHTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## NINTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants deny the allegations contained in paragraph 1 of the Plaintiff's Complaint, as stated.

2.

Defendants deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint, but show that Janice Sharp was not working and was not in the Wal-Mart store on the date of the alleged incident.

5.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint, said allegations therefore stand denied. Defendant Sharp further shows that she was not in the

store on said date.

8.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint, said allegations therefore stand denied. Defendant Sharp further shows that she was not in the store on said date.

9.

Defendants admit there was no such sign but deny a danger. Defendant Sharp further shows that she was not in the store on said date.

10.

Defendants admit the allegations contained in paragraph 10 of the Plaintiff's Complaint. Defendant Sharp further shows that she was not in the store on said date.

11.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint, said allegations therefore stand denied.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint, as stated.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's

Complaint.

20.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

21.

Defendants deny Plaintiff's prayer for relief, including all subparts thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

_____
Howard M. Lessinger
Georgia Bar No. 447088

_____
Dawn M. Rivera
Georgia Bar No. 002535
Attorneys for Defendants
WAL-MART STORES EAST, LP
JANICE SHARP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANTS has this day been served upon opposing counsel, by placing same in the United States Mail, postage prepaid, and addressed as follows:

Milton Frederick Gardner, Jr.
Gardner & Gardner
Post Office Box 631
Milledgeville, GA  31059-0631

This the 26 day of October, 2011.

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendants
WAL-MART STORES EAST, LP
JANICE SHARP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mclain-merritt.com